UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JERROD WILSON** | : | **DOCKET NO. 2:21-cv-00873** |
| DOC # 0000002798 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **TONY MANCUSO, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Preliminary Injunction [doc. 1] filed by Jerrod Wilson. Wilson has filed a civil rights suit pursuant to 42 U.S.C. § 1983, seeking relief based on several claims, including alleged violations of his rights under the Eighth and Fourteenth Amendments. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Wilson files the instant request for preliminary injunction, asking the Court to issue an injunction stating that preventative measures must be designed immediately to resolve the risks set forth in his petition. Specifically, he asserts that defendants have caused him to experience loss of appetite, weight, and sleep from worrying about Covid-19. He alleges that defendants have failed to have employees/trustees, as well as other inmates, tested for Covid-19, are forcing prisoners to sleep within four (4) feet of each other and are holding prisoners in cold air conditioning." Docs. 1, 5. He also complains that there is no medical emergency system, mental health system, or dental emergency system at CCC. *Id.*

-2-

## II.
## LAW & ANALYSIS

A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial likelihood of success on the merits. Plaintiff claims that he is under imminent danger of serious physical injury due to the defendants' inadequate protection of inmates against Covid-19. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Valdez v. Bush,* Civ. A. No. 3-08-cv-1481-N, 2008 U.S. Dist. LEXIS 118452, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (citations omitted); *see also VanDyke v. La. Dep't of Corr.*, No. 20-0448, 2020 U.S. Dist. LEXIS 65627, 2020 WL 1869016 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release or transfer) (citing cases); *Littlejohn v. Whitmer*, 2020 U.S. Dist. LEXIS 60833, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-089, 2020 U.S. Dist. LEXIS 74887, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020)

(imminent danger exception to section 1915(g) did not apply based on a general fear of COVID-19 in the prison).

### III.
#### CONCLUSION

In this context, Wilson's generalized fear of catching the Covid-19 virus does not give rise to the inference that he was under imminent danger of serious physical injury at the time he filed the instant suit.

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Preliminary Injunction (doc. 1) be **DENIED**, with prejudice.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to a separate Order, the Court's previous Order granting Wilson permission to proceed in forma pauperis (doc. 10) is being revoked. He will be allowed to continue with his suit should he pay the entire filing fee of $402 within twenty days of the entry of that Order. Wilson is placed on notice, however, that the lawsuit will still be screened for frivolousness pursuant to 28 U.S.C. § 1915A, if he pays the filing fee.