UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JERROD WILSON**<br>　　DOC # 0000002798 | : | **DOCKET NO. 2:21-cv-00873**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **TONY MANCUSO, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a *pro se* civil rights complaint [doc. 1] and motion to proceed *in forma pauperis* [docs. 2], filed pursuant to 42 U.S.C. § 1983, by plaintiff Jerrod Wilson. Wilson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana.

Wilson sought, and was granted, permission to proceed in forma pauperis ("IFP) in this action. Docs. 6, 10. However, the Court subsequently discovered that he has filed several civil rights complaints in the United States District Courts for the Middle and Western Districts of Louisiana. At least four of those suits were dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or failing to state a claim on which relief could be granted. *See Jerrod A. Wilson v. Dr. Shaheen.*, 1:97-cv-00292; *Jerrod A. Wilson.v Jody Dauzat*, 00-cv-827-D-1 (M.D. La.); *Jerrod A. Wilson v. Mark Firmin*, 00-cv-944-D-3 (M.D. La.); and *Jerrod A. Wilson v. Dora Rabalais*, 01-cv-33-D-1 (M.D. La.). Furthermore, Wilson's pauper status has been revoked by the Eastern District of Louisiana under 28 U.S.C. § 1915(g). *Jerrod A. Wilson v. B. Becker, et al* No. 07-cv-7157 (E.D. La., Nov. 5, 2007). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884-885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Davis v. Stephens*, 589 Fed. Appx. 295, 2015 WL 110445 (5th Cir. 2015). The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").

Plaintiff claims that he is under imminent danger of serious physical injury due to the defendants' inadequate protection of inmates against Covid-19. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Valdez v. Bush*, Civ. A. No. 3-08-cv-1481-N, 2008 U.S. Dist. LEXIS 118452, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (citations omitted); see also *VanDyke v. La. Dep't of Corr.*, No. 20-0448, 2020 U.S. Dist. LEXIS 65627, 2020 WL 1869016 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish

a right to release or transfer) (citing cases); *Littlejohn v. Whitmer*, 2020 U.S. Dist. LEXIS 60833, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-089, 2020 U.S. Dist. LEXIS 74887, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (imminent danger exception to section 1915(g) did not apply based on a general fear of COVID-19 in the prison). Plaintiff fails to show imminent danger of serious bodily injury such that he falls within the exception set forth in 28 U.S.C. § 1915(g).

Wilson may continue to pursue his action in this court, but only if he pays the full filing fee. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

Accordingly;

**IT IS ORDERED** that Wilson's IFP status and the order [doc. 10] instructing the Sheriff, Warden, or authorized prison official to forward funds the Clerk of Court in regard to this matter, are hereby **REVOKED** and **RESCINDED**. **THE CLERK IS DIRECTED** to send a copy of this order to the Catahoula Correctional Center.

**IT IS ALSO ORDERED** that, in order for this complaint to remain viable, Wilson must pay the full filing fee of four hundred dollars ($402.00) within twenty (20) days of the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.** <u>Wilson is placed on notice, however, that the lawsuit will still be screened for frivolousness pursuant to 28 U.S.C. § 1915A, if he pays the filing fee.</u>

Finally, the Clerk of the Court is directed to send a copy of this Order to the Keeper of the Three Strikes List, Tyler, Texas.

-4-

THUS DONE AND SIGNED in Chambers this 18th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE